# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Stacy Creasy, *on behalf of herself and others similarly situated*, | Civil Action No.: 2:20-cv-1199 |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| Charter Communications, Inc. dba Spectrum, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

## Nature of this Action

1. Stacy Creasy ("Plaintiff") brings this class action against Charter Communications, Inc. ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, and an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed calls, and delivers artificial or prerecorded voice messages, to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. In particular, Defendant directed the calls and artificial or prerecorded voice messages at issue to Plaintiff in this jurisdiction, and Plaintiff received Defendant's calls and artificial or prerecorded voice messages in this jurisdiction.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in LaPlace, Louisiana.

7. Defendant is a telecommunications and mass media company headquartered in Stamford, Connecticut.

8. Defendant offers its services to consumers and businesses under the Spectrum brand.

**Factual Allegations**

9. Sometime in 2019 Plaintiff obtained a new cellular telephone number—(424) XXX-1706.

10. Plaintiff is the regular and sole user of her cellular telephone number.

11. Shortly after Plaintiff obtained her cellular telephone number she began to receive calls and text messages from Defendant. *See, e.g.*, Exhibit A.

12. Defendant placed at least some of its calls to Plaintiff's cellular telephone number from (855) 707-7328.

13. When dialed, telephone number (855) 707-7328 plays a greeting that begins: "Welcome to Spectrum."

14. Plaintiff answered a number of Defendant's calls.

15. When Plaintiff did so she often said something like "hello . . . hello . . . hello . . . ," before Defendant greeted her in any manner.

16. Also, when Plaintiff answered a number of Defendant's calls, she was greeted with an artificial or prerecorded voice before a live person greeted her.

17. On at least one occasion Defendant's artificial or prerecorded voice greeting referenced "Birgita" (spelling) as the intended recipient of the call.

18. On several occasions, when Plaintiff was eventually greeted by a live person, Defendant confirmed its intention to speak with "Birgita" (spelling).

19. Plaintiff, in turn, explained on these occasions that she was not the person Defendant intended to reach, and that Defendant called a wrong number.

2

20. Defendant, nonetheless, continued to place autodialed and artificial or prerecorded voice calls to Plaintiff's cellular telephone number despite that Plaintiff repeatedly informed it she was not the individual Defendant intended to reach, and that Defendant called a wrong number.

21. Similarly, in response to at least one of Defendant's text messages—which reads, in part: "Text HELP or STOP if needed"—Plaintiff responded: "STOP."

22. Defendant then replied: "You have opted out of Time Warner message Retrieval."[1]

23. No matter, Plaintiff thereafter received no less than ten text messages on her cellular telephone number from Defendant.

24. Of note, the text messages Plaintiff received from Defendant reference telephone numbers (844) 206-8565 and (844) 206-8565.

25. When dialed, telephone number (844) 206-8565 plays a greeting that begins: "Welcome to the Spectrum payment system."

26. When dialed, telephone number (844) 206-8565 plays a greeting that begins: "Welcome to Spectrum."

27. As well, the text messages Plaintiff received from Defendant reference links to Spectrum's websites, including spectrum.com and spectrum.net.

28. Of note, Plaintiff's experience with Defendant is not unique, as evidenced by consumer complaints:

- "Will not leave me alone. They are trying to force me, a disabled veteran, to accept a a visit from a technician to install services. I did not contact them first. I definitely did not ask for or inquire of any of their products or services. They have said that it didnt matter if I called or not, the tech will be sent anyway. Wrong number input on the acct.? How wrong? Wrong state, area code city county name address, really? Yup, that's their excuse. A typo. Hahaha, Spectrum is associated with TIME-WARNER!" https://www.callercenter.com/855-707-7328.html/2 (last visited Mar. 26, 2020).

---

[1]  Defendant previously acquired Time Warner Cable.

3

- "(855)707-7328....They called claiming I had an appointment to fix my service. When I do not my service was working just fine. I hung up because it sounded like a scam lots of noise in the background and the man could barely speak English. The caller ID said spectrum so I don't know I told the man before hanging up that I had no appointment and nobody was outside and that he must have the wrong number." https://800notes.com/Phone.aspx/1-855-707-7328/4 (last visited Mar. 26, 2020).

- "Been receiving 2-3 calls a day showing up as "Rachel and Frank" they leave automated voicemails every time, but half the message is cut off. All I gathered was something about me having an appointment... Only, I have never had service with spectrum or time warner. 🧑Jess" https://800notes.com/Phone.aspx/1-855-707-7328/4 (last visited Apr. 6, 2020).

29. And Spectrum seems to be aware of this, as it includes on one of its websites the following message: "If you are receiving phone calls and/or text messages from Spectrum and you are NOT the Spectrum customer we are trying to reach, please fill out this form and we will try to stop these attempts as soon as possible." https://www.spectrum.com/browse/content/remove (last visited Mar. 26, 2020).

30. Plaintiff is not, nor was, one of Defendant's customers.

31. Plaintiff does not, nor did, have any business relationship with Defendant.

32. Plaintiff did not provide her cellular telephone number to Defendant.

33. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

34. Upon information and good faith belief, Defendant placed its calls and delivered its text messages to Plaintiff's cellular telephone number in an effort to reach a third party.

35. Plaintiff does not know the third party that Defendant attempted to reach by placing calls and delivering text messages to Plaintiff's cellular telephone number.

36. Upon information and good faith belief, and in light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

37. Upon information and good faith belief, and in light of the impersonal nature and character of the text messages at issue, Defendant delivered its text messages to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

38. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls and text messages at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls and sent its text messages to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018); *see also Duran v. La Boom Disco, Inc.*, No. 19-600-CV, 2020 WL 1682773, at *1 n.3 (2d Cir. Apr. 7, 2020) ("The Ninth Circuit, which we follow here, concluded that an ATDS can, indeed, make calls from stored lists.").

39. Upon information and good faith belief, Defendant placed its calls and delivered its text messages to Plaintiff's cellular telephone number for non-emergency purposes.

40. Rather, Defendant's calls and text messages to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's customers.

41. Upon information and good faith belief, Defendant placed its calls and delivered its text messages to Plaintiff's cellular telephone number voluntarily.

42. Upon information and good faith belief, Defendant placed its calls and delivered its text messages to Plaintiff's cellular telephone number under its own free will.

43. Upon information and good faith belief, Defendant had knowledge it was using an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

44. Upon information and good faith belief, Defendant had knowledge it was using an automatic telephone dialing system to deliver its text messages to Plaintiff's cellular telephone number.

45. Plaintiff suffered actual harm as a result Defendant's calls, artificial or prerecorded messages, and text messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

46. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

47. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to deliver text messages, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

48. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *Call Class*: All persons throughout the United States (1) to whom Charter Communications, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Charter Communications, Inc. accountholder, (3) by using an automatic

telephone dialing system, or an artificial or prerecorded voice, (4) from April 15, 2016 through the date of class certification.

*Text Message Class*: All persons throughout the United States (1) to whom Charter Communications, Inc. delivered, or caused to be delivered, a text message (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Charter Communications, Inc. accountholder, (3) by using an automatic telephone dialing system, (4) from April 15, 2016 through the date of class certification.

49. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

50. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

51. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

52. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

53. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

54. Plaintiff's claims are typical of the claims of the members of the classes.

55. As it did for all members of the Call Class, Defendant used an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number.

56. As it did for all members of the Text Message Class, Defendant used an automatic telephone dialing system to deliver text messages to Plaintiff's cellular telephone number.

57. Plaintiff is not, and never was, one of Defendant's accountholders.

58. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

59. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

60. Plaintiff suffered the same injuries as the members of the classes.

61. Plaintiff will fairly and adequately protect the interests of the members of the classes.

62. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

63. Plaintiff will vigorously pursue the claims of the members of the classes.

64. Plaintiff has retained counsel experienced and competent in class action litigation.

65. Plaintiff's counsel will vigorously pursue this matter.

66. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

67. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

68. Issues of law and fact common to all members of the classes are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendant's conduct, pattern, and practice as it pertains to texting wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    e. Defendant's use of an artificial or prerecorded voice, and

    f. The availability of statutory penalties.

69. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

70. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

71. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

72. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

73. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

74. The damages suffered by individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

75. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

76. There will be little difficulty in the management of this action as a class action.

77. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

78. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-77.

79. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Call Class without consent.

80. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Call Class without consent.

81. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to deliver text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Text Message Class without consent.

82. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the classes, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the classes, by using an automatic telephone dialing system, or an artificial or prerecorded voice, and continuing to deliver text messages to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the classes, by using an automatic telephone dialing system;

    f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B);

    g) Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(b)(3);

    h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

    j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: April 15, 2020

*/s/ Katherine Z. Crouch*
Katherine Z. Crouch
Crouch Law, LLC
2372 St. Claude Avenue, Suite 224
New Orleans, Louisiana 70117
Phone: 504-982-6995
Fax: 888-364-5882

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes

12