## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Stacy Creasy and Tiffanie Hogans, *on behalf of themselves and others similarly situated*,  )<br>)<br>) | Civil Action No.: 2:20-cv-01199-MLCF KWR |
| ) | |
| Plaintiffs,  )<br>) | Judge: Martin L.C. Feldman |
| ) | Magistrate Judge: Karen Wells Roby |
| v.  )<br>) | |
| Charter Communications, Inc. dba Spectrum,  )<br>)<br>) | |
| Defendant.  )<br>) | |

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF THEIR OPPOSITION TO CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**Argument**

I. **The Supreme Court declared the government-debt exception—not the entire robocall restriction—unenforceable.**

Apparently realizing the Supreme Court did not declare the TCPA unconstitutional in *AAPC*, Defendant now asserts on reply that it only ever claimed the Supreme Court declared a specific provision of the TCPA—the "robocall restriction"—unenforceable for a specific period of time. ECF No. 41 at 3-6.[1] In turn, Defendant (erroneously) insists that since the Supreme Court purportedly deemed the robocall restriction unenforceable for the entire period of time during which the government-debt exception was in effect, Defendant cannot be liable for robocalls made during that time period. *See* ECF No. 41 at 3 ("[T]he restriction was invalid from 2015 to July 6, 2020, and, thus, cannot be enforced against Charter, under settled constitutional law."). But Defendant's reframing of its argument does not get it any closer to escaping liability for its repeated violations of the TCPA.

Indeed, Defendant's contention that the Supreme Court in *AAPC* deemed the robocall restriction unenforceable for the entire period of time during which the government-debt exception was in effect is an overreach. What the Supreme Court actually did in *AAPC* is "conclude[] that the 2015 government-debt exception created an unconstitutional exception to the 1991 robocall

---

[1] Defendant's assertion on reply that it never contended the Supreme Court declared the TCPA unconstitutional is contrary to the very content of its own motion to dismiss. *See, e.g.*, ECF No. 30-1 at 3 ("Plaintiffs are suing based on violations of an unconstitutional statute."); *id.* at 9 ("Accordingly, because Charter could not have violated an unconstitutional statute and this Court cannot provide a remedy for a violation of an unconstitutional statute, there is no justiciable federal question, compelling dismissal."); *id.* ("Indeed, imposing speech that allegedly violated an unconstitutional statute is irreconcilable with Supreme Court precedent and fundamental due-process and equal protection principles); *id.* ("AAPC Deprives the Court of Subject Matter Jurisdiction Because the Violation of an Unconstitutional Law Is Not a Justiciable Question"); *id.* at 11 (characterizing decisions as "unanimously recogniz[ing] the fundamental unfairness of imposing penalties for violations of a statute that was concededly unconstitutional—and thus 'void'—when the alleged violations occurred.").

restriction." *AAPC*, 140 S.Ct. at 2348; *see also id*. at 2356 ("We hold that the 2015 government-debt exception added an unconstitutional *exception* to the law.") (emphasis added); *see also id*. at 2357 ("A majority of the Court holds *the exception* violates the First Amendment.") (Breyer, J., concurring in the judgment) (emphasis added); *id*. at 2358 ("The plurality *finds the government-debt exception unconstitutional* primarily by applying a logical syllogism: (1) 'Content-based laws are subject to strict scrutiny.'") (emphasis added); *accord id.* at 2343 ("Invoking the First Amendment, they argue that *the 2015 government-debt exception* unconstitutionally favors debt-collection speech over political and other speech. As relief from *that unconstitutional law*, they urge us to invalidate the entire 1991 robocall restriction, rather than simply invalidating the 2015 government-debt exception.") (emphasis added).[2]

Against this backdrop, the Supreme Court then cured the unequal treatment afforded to government debt collectors by the government-debt exception by invalidating the exception and severing it from the TCPA. *See id*. at 2356 ("We cure that constitutional violation by invalidating the 2015 government-debt exception and severing it from the remainder of the statute."); *see also id*. at 2343 ("the entire 1991 robocall restriction *should not be invalidated*, but rather . . . the 2015 government-debt exception must be invalidated, and severed from the remainder of the statute") (emphasis added). Worth mentioning, then, is that the Supreme Court took care to define "invalidate" as "common judicial shorthand when the Court holds that a particular provision is unlawful and therefore may not be enforced against a plaintiff." *Id*. at 2351 n.8.

So at bottom, the Supreme Court—by way of the plain language that makes up its opinion in *AAPC*—simply did not hold that the entire "robocall restriction" now at issue was unenforceable for the period of time during which the government-debt exception was in effect. Rather, it

---

[2]   Internal citations, quotations and footnotes are omitted unless otherwise noted.

2

suggested quite the opposite, that only the government-debt exception was invalid, but even then that "no one should be penalized or held liable for making robocalls *to collect government debt*" during the period when the government-debt exception was in force. *Id*. at 2355, n.12 (emphasis added). And this is why Justice Gorsuch, through his dissent, referred to the holding in *AAPC* as one "that shields *only* government-debt collection callers from past liability[.]" *Id*. at 2366 (emphasis in original).

Defendant, of course, does not face liability here for making government-debt collection calls. Thus, its reworked argument—that the Supreme Court deemed the robocall restriction unenforceable against it for the entire period of time during which the government-debt exception was in effect—lacks merit.

II.     **Notwithstanding, Defendant remains liable under the TCPA for the calls in question.**

That the government-debt exception was unenforceable does not eliminate Defendant's liability for the calls now at bar. And the Court's opinion in *U.S. v. Jackson*, 390 U.S. 570 (1968), is instructive on this point.

In 1966, the appellees in *Jackson* were indicted under the Federal Kidnapping Act (the "Act") for kidnapping a man, holding him for ransom, and harming him before he was liberated. *Id*. at 571. As originally enacted in 1932, the Act contained no provision for capital punishment. *Id*. at 586. However, in 1934, an amendment to the statute added the death penalty as a possible punishment for those kidnapers whose victims were not liberated unharmed—like the appellees in *Jackson*. *Id*. at 587-90.

The district court in *Jackson* held the Act to be unconstitutional because the 1934 death penalty amendment made "the risk of death the price for asserting the right to jury trial[.]" *Id.* at 571. The district court's remedy was to dismiss the indictment under the Act. *Id.*

3

On appeal, the Supreme Court agreed with the district court that the death penalty amendment made the Act unconstitutional *Id*. But the Supreme Court also held that the proper remedy was not dismissal of the indictment but instead severance of the death penalty amendment from the Act. *Id*. As a result, the Supreme Court concluded that the "appellees may be prosecuted for violating the Act"—even though those violations occurred when a portion of the Act was unconstitutional—but they could not be put to death under its authority. *Id.* at 591; *accord Walder v. Cain*, No. CIV.A. 13-4745, 2015 WL 349285, at *4 (E.D. La. Jan. 26, 2015) (Brown, J.) ("The Louisiana Supreme Court has noted that 'it is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another, and if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken and rejected.' *Here, the trial court appropriately severed the unconstitutional portion of the statute, the prohibition of parole for juvenile defendants, and applied the remaining provision, life in prison.*") (emphasis added).

It follows, therefore, that Defendant is liable for violating the robocall restriction during the time the government-debt exception was in force even though the government-debt exception was subsequently declared unenforceable. *See AAPC*, 140 S.Ct. at 2347. And this conclusion is directly in line with Justice Kavanaugh's express pronouncement that "our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *Id*. at 2355 n.12; *see also id.* at 2362 ("As Justice KAVANAUGH notes, the government-debt exception provides no basis for undermining the general cell phone robocall restriction.") (Breyer, J., concurring in the judgment); *accord id*. at 2353 ("Echoing *Marbury*, the Court in *Frost* explained that an unconstitutional statutory amendment 'is a nullity' and 'void' *when enacted, and for that reason has no effect on the original statute*.") (emphasis added).

4

None of this, however, should be surprising, given that Justice Kavanaugh relied on *Jackson* to reach the holding in *AAPC* that the unconstitutional government-debt exception was severable from the robocall restriction. *Id.* at 2353.

Also noteworthy, before the Supreme Court's decision in *AAPC*, numerous district courts—in denying motions to dismiss—reached the conclusion that the unconstitutionality of the government-debt exception had no impact on TCPA violations that allegedly occurred while the exception was in force. *See, e.g.*, *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 4645524 (D. Mass. Sept. 24, 2019), *certificate of appealability denied,* No. 18-CV-10506-ADB, 2019 WL 6051442 (D. Mass. Nov. 15, 2019) ("Here, there is little doubt that the debt-collection exception is severable. . . . For the same reasons articulated by the Ninth and Fourth Circuits, the Court concludes that the government debt-collection exception of the TCPA is severable. Therefore, the claims in this case are unaffected by the debt-collection exception's unconstitutionality."); *Perrong v. Liberty Power Corp.*, 411 F. Supp. 3d 258 (D. Del. 2019) ("Thus, although the Court finds that the TCPA is unconstitutional due to the debt-collection exemption, it also finds that the exemption can be severed. Accordingly, Perrong is not deprived of grounds to state a claim under the TCPA.").

## Conclusion

Defendant contends that the unconstitutionality of the government-debt exception made the robocall restriction itself entirely unenforceable for nearly five years from the time Congress enacted the exception until the Supreme Court severed the exception. Yet Justice Kavanaugh, who authored *AAPC*, and Justice Gorsuch, through his dissent—while disagreeing with each other about the proper remedy to address the unconstitutionality of the government-debt exception—agreed that the remedy the Supreme Court did fashion allows for the prosecution of past violations

of the TCPA for the collection of non-government debt. *AAPC*, 140 S. Ct. at 2355 n.12; *id*. at 2366.

In the end, as Justice Kavanaugh explained, "the tail (one unconstitutional provision) does not wag the dog (the rest of the codified statute or the Act as passed by Congress). Constitutional litigation is not a game of gotcha against Congress, where litigants can ride a discrete constitutional flaw in a statute to take down the whole, otherwise constitutional statute. If the rule were otherwise, the entire Judiciary Act of 1789 would be invalid as a consequence of *Marbury* v. *Madison*." *AAPC*, 140 S. Ct. at 2351.

Plaintiffs, therefore, respectfully request that this Court deny Defendant's motion in its entirety.

Date: September 23, 2020  /s/ *Aaron D. Radbil*
Aaron D. Radbil (*pro hac vice*)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
aradbil@gdrlawfirm.com

Katherine Z. Crouch
Crouch Law, LLC
2372 St. Claude Avenue, Suite 224
New Orleans, Louisiana 70117
Phone: 504-982-6995
Fax: 888-364-5882

Counsel for Plaintiffs and the proposed classes