# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACY CREASY and TIFFANY HOGANS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., dba SPECTRUM,<br><br>Defendant. | Civil Action No. 2:20-cv-1199-F-4<br><br>Judge: Martin L.C. Feldman<br><br>Magistrate Judge: Karen Wells Roby |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFFS' SUR-REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## I.     INTRODUCTION

Plaintiffs do not use their sur-reply to respond to the dispositive points or authority Charter raised in its Motion or Reply, because they cannot. Instead, they employ more distraction. Under the spotlight, however, Plaintiffs' new arguments actually support the constitutionally-required position that *Charter* advocates here: that a person may not be penalized under an unconstitutional speech restriction when government-favored speakers were illegally exempt. In fact, even the Supreme Court case Plaintiffs cite for the first time in their sur-reply supports this conclusion.

## II.    ARGUMENT

### A.    Charter Never Argued The Entire TCPA Was Unconstitutional.

Preliminarily, Plaintiffs argue (at 1) that Charter "reframed" its argument in the Reply to state that only the robocall restriction was unconstitutional for a specific period of time instead of the entire TCPA. That is plainly false. Charter made clear in its moving papers that it challenged only the robocall restriction (a/k/a the automated call ban) and only for a specific period of time. *See, e.g.*, Memorandum at 1 ("*the automated-call ban* has been unconstitutional … from the enactment of the government debt exception in 2015 until the Court severed it in *AAPC*") (emphasis added). *See also id*. at 2 ("Charter … could not have violated a statutory *provision* that was unconstitutional") (emphasis added); 6 ("a majority of Justices still agreed that the *automated-call ban . . .* was an unconstitutional content-based restriction when combined with the government debt exception") (emphasis added). What Plaintiffs refer to as a modification is, in reality, a failure on Plaintiffs' part to accurately read the moving papers.

### B.    The Speech Restriction With The Debt Exception Is Unconstitutional, And Plaintiffs Concede Enforcing It Here Would Lead to Absurd Results.

Moving on to Plaintiffs' substantive arguments, Plaintiffs again contend (at 1–2) that *only* the debt exception, not the speech restriction, was held unconstitutional. In support, Plaintiffs cherry pick quotations from Part III—the *severance* portion—of the opinion. *See AAPC*, 140 S. Ct. at 2348 ("the 2015 government-debt exception created an unconstitutional exception to the 1991 robocall restriction") and 2356 ("2015 government-debt exception added an unconstitutional

1

exception to the law").[1]  But, as noted, these quotations are from Part III of the opinion, which addresses whether the infirmity can be remedied through severance, not Part II, which explains the actual First Amendment holding.  *See id*. at 2340 ("Justice KAVANAUGH … concluded in Part III that the 2015 government-debt exception is severable from the underlying 1991 robocall restriction.").  Plaintiffs conspicuously avoid discussing the actual holding of Part II because it explicitly states that the ***speech restriction*** is unconstitutional with the debt exception:

> The initial First Amendment question is whether the ***robocall restriction***, with the government-debt exception, is content-based. The answer is yes. . . . [And] [t]he Government concedes that it cannot satisfy strict scrutiny to justify the government-debt exception. We agree.

*AAPC*, 140 S. Ct. at 2346 (emphasis added); *id*. at 2347 ("In short, the robocall restriction with the government-debt exception is content-based.").  In addition to contradicting the plain language of the opinion, Plaintiffs fail to address that their interpretation is a logical and constitutional impossibility.  As Charter pointed out and Plaintiffs do not dispute and therefore concede, the exception standing alone could not have been unconstitutional because the First Amendment bars laws "*abridging* the freedom of speech" (the restriction), not laws *permitting* speech (the exception).  U.S. Const. amend. I (emphasis added).[2]

In making their incorrect argument, however, Plaintiffs (at 2) say something critically important: "the Supreme Court cured the unequal treatment afforded to government debt collectors by the government-debt exception[.]"  Here, Plaintiffs are correct: the Supreme Court did cure the

---

[1]  Plaintiffs (at 2) also quote language from Justice Breyer's concurring opinion and a statement from Justice Kavanaugh summarizing what the plaintiffs in *AAPC* argued.  None of these quotations challenge the First Amendment holding, articulated in Part II of the opinion.

[2]  Plaintiffs' quotations from the severance portion of the opinion (Part III) discuss only the debt exception (and not the restriction) because the Court's remedy for fixing the statute prospectively, as discussed in Part III, was to invalidate the exception on a going-forward basis.  *Id*. at 2355.  Having already determined in Part II that the speech restriction is unconstitutional with the debt exception, the Court need not repeat this holding again in Part III; rather, its discussion is focused on whether the statute can be remedied prospectively by severing the exception.  *See id.* at 2348 ("[W]e must decide whether to invalidate the entire 1991 robocall restriction, or instead to invalidate and sever the 2015 government-debt exception.").  Thus, Plaintiffs' cherry-picked quotations do nothing to challenge the actual First Amendment holding, articulated in Part II of the opinion, that the "***robocall restriction***, with the government-debt exception, is content-based" and fails strict scrutiny (emphasis added).

unequal treatment afforded to government debt collectors and this is the central premise of *AAPC*. But what Plaintiffs fail to grapple with—because they cannot—is if the Court accepts Plaintiffs' position, then the exact unconstitutional favoritism that the Supreme Court held was illegal in *AAPC*, will continue to be perpetuated, including in this case. That is because individuals and companies would still face ruinous liability in ongoing litigation while an enormous category of government-favored speech was illegally exempted.[3] That result is particularly problematic in this case, which involves the very type of debt collection messages for which government debt collectors were given illegal preferential treatment.[4] Plaintiffs *still* have no answer to this constitutional conundrum or the numerous dangerous and constitutionally-impermissible results that would flow from the Court's adoption of Plaintiffs' position, which Charter spent pages addressing in its Motion and Reply. Plaintiffs' failure in this regard is dispositive.

      **C.    The *Jackson* Case Supports Dismissal.**

Likewise, Plaintiffs continue to ignore Charter's authorities establishing the well-settled principle that a federal court has no jurisdiction to enforce an unconstitutional statutory provision. *See, e.g.*, *Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2 (1972) (noting, in a constitutional challenge to a content-based speech restriction, that courts "must consider the facial constitutionality of the ordinance in effect when [the defendant] was arrested and convicted"). Instead, in their second brief, Plaintiffs cite for the first time to *United States v. Jackson*, 390 U.S. 570, 591 (1968), for the proposition that if one part of a statute is unconstitutional, the portion that is constitutional may still stand. In *Jackson*, the Court struck the death penalty clause from a federal kidnapping statute but left the remainder of the statute intact. *Id*. at 585.

---

[3]     Plaintiffs (at 3) draw import from a statement in Justice Gorsuch's dissent that "a holding in *AAPC* that shields *only* government debt-collection callers from past liability . . . would wind up endorsing the very same kind of content discrimination we way we are seeking to eliminate." 140 S. Ct. at 2366. As with their others, Plaintiffs cherry-pick this quotation, omitting that Justice Gorsuch referred (correctly) to Justice Kavanaugh's one passing sentence of dicta as a "suggestion." Further, Plaintiffs, *for the second time*, fail to contest that Justice Kavanaugh's suggestion can only reasonably be construed as referring to past judgments because that is the only way to read the footnote consistent with the same three Justices' opinion in *Seila Law LLC v. CFPB*, other Supreme Court precedent, First Amendment principles, and logic. *See* 140 S. Ct. 2183, 2208–09 (2020).

[4]     *See, e.g.*, Dkt. 24, p. 50 (evidencing Plaintiffs' receipt of debt collection text message).

Plaintiffs again misconstrue Charter's argument. Charter does not argue against the proposition for which Plaintiffs cite *Jackson*, nor that *AAPC*'s severing of the debt exception means the entire TCPA must fall. To the contrary, Charter argues that the speech restriction, which *AAPC* explicitly held was unconstitutional in conjunction with the exception, is unconstitutional and unenforceable pre-severance. In *Jackson*, the unconstitutional portion of the statute (the death penalty clause) was rendered unenforceable while the rest of the statute remained in effect. So too here, the unconstitutional portion of the statute (the speech restriction with the debt exception) was rendered unenforceable until the Supreme Court severed the exception in *AAPC*. Thus, *Jackson* supports Charter's position, not Plaintiffs'.

D. **The Other Cases Plaintiffs Cite For The First Time Are Irrelevant.**

Finally, Plaintiffs cite (at 5)—just as they did in their opposition—irrelevant TCPA district court cases that were not briefed on and did not address the question presented here: whether a defendant can be penalized for violating a speech restriction during the time it was unconstitutional. *See Katz v. Liberty Power Corp.*, No. 18-CV-10506, 2019 WL 4645524, at *8 (D. Mass. Sept. 24, 2019) (holding debt exception is severable, and not considering the argument raised here); *Perrong v. Liberty Power Corp.*, 411 F. Supp. 3d 258, 269 (D. Del. 2019) (same). In fact, both of these cases were decided *before* the Supreme Court held the speech restriction unconstitutional in *AAPC* and *before* it reiterated the axiomatic principle that unconstitutional provisions are unenforceable during the time they are unconstitutional in *Seila Law* (the same principle that prevented enforcement of the unconstitutional statutory section at issue in *Jackson*, Plaintiffs' new case). And finally, *Perrong* actually supports (and presages) the holding in *AAPC* that the speech restriction with the exception is unconstitutional. *See* 411 F. Supp. 3d at 269 ("The Court finds that the TCPA is unconstitutional due to the debt-collection exemption[.]").

E. **Plaintiffs Fail To Dispute, And Thus Concede, Charter's Remaining Arguments.**

In addition to the several points and arguments discussed above, Plaintiffs fail to address, and thus, concede numerous other dispositive points that Charter made in its briefing. For

4

example, Plaintiffs concede: (1) the Supreme Court does not decide questions not raised or litigated in the lower courts, particularly ones of great constitutional importance; (2) the question at issue in this case was not raised or litigated in the lower courts, nor was it briefed or argued in *AAPC*, and thus the Court could not have possibly resolved it; (3) their position is directly at odds with the position that the same three Justices took in *Selia Law* the week before they joined the plurality opinion in *AAPC*; (4) severance is necessarily a prospective remedy; and (5) a federal court has no jurisdiction to enforce an unconstitutional provision, and particularly not to impose liability in a discriminatory manner under the First Amendment.

### III.   CONCLUSION

Plaintiffs cannot possibly contend that the U.S. Supreme Court, if faced with the exact question posed to this Court today, would reach the conclusion advocated by Plaintiffs. Such a conclusion would mean the political party in power could pass unconstitutional exceptions to favor its own preferred speech, knowing it could only be penalized on a prospective basis once a challenge reached the Supreme Court. Plaintiffs concede this outcome is untenable by failing to even attempt to address it or the other absurd results necessitated by their position—results that are directly at odds with long-standing First Amendment principles and the Court's rulings in *AAPC*, *Selia Law*, and the numerous other cases cited by Charter but not addressed by Plaintiff. They further concede that Charter is correct by citing *Jackson*, which supports the constitutionally-required result that an unconstitutional provision cannot be enforced during the time it is unconstitutional. The Court should enforce the First Amendment and dismiss Plaintiffs' claims.

Dated: September 25, 2020            Respectfully submitted,

**KABAT CHAPMAN & OZMER LLP**
/s/ *Ryan D. Watstein*
Ryan D. Watstein
*pro hac vice*
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300

Paul A. Grammatico
*pro hac vice*
pgrammatico@kcozlaw.com
333 S. Grand Ave., Suite 2225
Los Angeles, California 90071
(213) 493-3988

David E. Redmann, Jr. (No. 23,267)
**Bradley Murchison Kelly & Shea LLC**
1100 Poydras St., suite 2700
New Orleans, Louisiana 70163
(504) 596-6300
dredmann@bradleyfirm.com

*Counsel for Defendant Charter Communications, Inc.*

6