UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STACY CREASY, ET AL.                                      CIVIL ACTION

v.                                                        NO. 20-1199

CHARTER COMMUNICATIONS, INC.                              SECTION "F"

ORDER AND REASONS

On September 28, 2020, this Court dismissed the plaintiffs' claims "with respect to all asserted TCPA violations alleged to have occurred before July 6, 2020" for lack of subject matter jurisdiction. See Creasy v. Charter Commc'ns, Inc., 2020 WL 5761117, at *8 (E.D. La. Sept. 28, 2020). In so doing, the Court disposed of all of plaintiff Tiffanie Hogans' claims, which related entirely to TCPA violations alleged to have occurred during the time period in which the presence of the subsequently severed government-debt exception "rendered § 227(b)(1)(A)(iii) an unconstitutional content-based restriction on speech." Id. at *2.

Less than a month later, on October 27, 2020, Hogans filed a substantively identical complaint in the Eastern District of North Carolina. Now before the Court is the defendant's motion for an entry of final judgment as to Hogans' claims in this case under Federal Rule of Civil Procedure 54(b). For the following reasons, the motion is GRANTED.

I.

Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay." Such partial final judgment is primarily "meant to prevent the 'hardship and denial of justice [that may attend] delay if each issue must await the determination of all issues as to all parties before a final judgment can be had.'" Johnson v. Ocwen Loan Servicing, L.L.C., 916 F.3d 505, 507 (5th Cir. 2019) (quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950)).

As the Supreme Court elaborated forty years ago:

> It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. . . .
>
> [I]n deciding whether there are no reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citations omitted) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

II.

In this case, the "appropriate time" for final judgment against Hogans is now. Because the Court lacks subject matter

2

jurisdiction to even consider Hogans' claims, final judgment would surely be appropriate absent a "just reason for delay."  See FED. R. CIV. P. 54(b); Creasy, 2020 WL 5761117, at *2, 8.  No such reason is present here, and in fact, any such delay would potentially do affirmative *harm* to the parties and the federal judicial system, which have a keen collective interest in the finality a Rule 54(b) judgment against Hogans would afford.[1]

### III.

In response to the defendant's motion, the plaintiffs do not "oppose the entry of a Rule 54(b) judgment on [Hogans'] claims for

---

[1] This is so for two major reasons.  First, the defendant has a valid interest in any preclusive effects which may attend a final judgment against Hogans.  Cf. 10 FED. PRAC. & PROC. (WRIGHT & MILLER) § 2659 (4th ed. 2020) ("[I]t has been held that, at least under some circumstances, a Rule 54(b) certification may be proper to produce claim-preclusive effects in another forum.").

Second, the federal courts and countless litigants therein have an interest in the prompt appealability of this Court's dismissal of Hogans' claims on novel jurisdictional grounds. Indeed, while the only two district courts to cite this Court's decision in confronting a similar issue have agreed with this Court's analysis, no federal courts of appeals have yet weighed in on the issue. See Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., 2020 WL 7346536, at *2-3 (M.D. Fla. Dec. 11, 2020); Lindenbaum v. Realgy, LLC, 2020 WL 6361915, at *5, 7 (N.D. Ohio Oct. 29, 2020).  This Court's core finding in Creasy was recently cited by a party in the Ninth Circuit, but a resounding interest in prompt and full appellate consideration remains. See Appellant's Opening Brief, Perez v. Rash Curtis & Assocs., No. 20-15946, 2020 WL 7132549, at *65-66 (9th Cir. Nov. 25, 2020). Accordingly, the fact that partial final judgment against Hogans may facilitate Fifth Circuit review while running little to no risk of "piecemeal" review of the same issues more than once provides an additional reason why there is "no just reason for delay." See FED. R. CIV. P. 54(b).

procedural purposes," but maintain that "should the Court enter a Rule 54(b) judgment against Ms. Hogans, that judgment must be without prejudice" since the Court dismissed Hogans' claims for lack of jurisdiction. See Opp. at 2, 6. The plaintiffs are correct, as the law of this circuit clearly provides that "[d]ismissals for lack of jurisdiction 'are not considered adjudications on the merits and ordinarily do not, and should not, preclude a party from later litigating the same claim, provided that the specific defect has been corrected.'" Blanchard 1986, Ltd. v. Park Plantation, LLC, 553 F.3d 405, 409 n.15 (5th Cir. 2008) (quoting Baris v. Sulpicio Lines, Inc., 74 F.3d 567, 571 (5th Cir. 1996)). As such, where a district court rules that it lacks subject matter jurisdiction, it should enter "dismissal without prejudice to allow the [plaintiff] to retry their claims in a court with jurisdiction to hear them." In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 209 (5th Cir. 2010).

\*   \*   \*

The defendant's motion raises a narrow and specific question: namely, whether there is any "just reason" to delay an entry of final judgment against Hogans on claims this Court has already disclaimed any jurisdiction to consider. For the foregoing reasons, the answer to that question is no. As explained above, the Court's dismissal of Hogans' claims for lack of jurisdiction must be without prejudice.

Two related issues of great importance to the parties – namely, whether this Court's partial final judgment against Hogans precludes Hogans' claims in the Eastern District of North Carolina, and whether that court has jurisdiction to consider such claims[2] – are not this Court's to consider. The Court leaves those questions to its sister court in the Eastern District of North Carolina.

Accordingly, IT IS ORDERED: that the defendant's motion is GRANTED.

As a result, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED: that, in accordance with this Court's September 28, 2020 Order and Reasons and Federal Rule of Civil Procedure 54(b), there be final judgment in favor of defendant Charter Communications, Inc. and against plaintiff Tiffanie Hogans, DISMISSING Hogans' claims without prejudice.

New Orleans, Louisiana, December 23, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] While the defendant dismisses Hogans' action in the Eastern District of North Carolina as a "vexatious, copy-cat lawsuit," the plaintiffs attempt to extend this Court's reasoning in Creasy in arguing that "in the Fourth Circuit the autodialer provision has been in existence, constitutional, and unencumbered by the government-debt exception[] since at least April 24, 2019," when "the Fourth Circuit held that the government-debt exception was unconstitutional and severed it from the remainder of the TCPA's autodialer provision." Compare Mot. at 3, with Opp. at 7–8 (emphasis omitted). The defendant's motion does not require this Court to assess the merits of such arguments, and it is not this Court's role to do so.